UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARC P. PETRALIA

  Plaintiff,

v.          Case No: 2:13-cv-21-FtM-29CM

MCCORMICK & SCHMICK RESTAURANT CORP.,

  Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on the defendant's Motion for Case-Dispositive Summary Judgment (Doc. #36) filed on November 25, 2013. Plaintiff filed a Memorandum of Law in Opposition (Doc. #46) on January 16, 2014. Also before the Court is Defendant's Motion to Strike Affidavit of Marc P. Petralia (Doc. #49), to which a Response (Doc. #64) was filed.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Baby Buddies, Inc. v. Toys "R" Us, Inc., 611 F.3d 1308, 1314 (11th Cir. 2010). A fact is "material"

if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999).

In ruling on a motion for summary judgment, the Court views all evidence and draws all reasonable inferences in favor of the non-moving party. Scott v. Harris, 550 U.S. 372, 380 (2007); Tana v. Dantanna's, 611 F.3d 767, 772 (11th Cir. 2010). However, "if reasonable minds might differ on the inferences arising from undisputed facts, then the court should deny summary judgment." St. Charles Foods, Inc. v. America's Favorite Chicken Co., 198 F.3d 815, 819 (11th Cir. 1999) (quoting Warrior Tombigbee Transp.

2

Co. v. M/V Nan Fung, 695 F.2d 1294, 1296 (11th Cir. 1983)(finding summary judgment "may be inappropriate where the parties agree on the basic facts, but disagree about the factual inferences that should be drawn from these facts")).  "If a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant summary judgment." Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1315 (11th Cir. 2007).

**II.**

Plaintiff Marc P. Petralia (plaintiff or Petralia) was employed by McCormick & Schmick Restaurant Corporation (defendant or McCormick & Schmick) from October 2006 to August 21, 2011.  In October 2008, plaintiff transferred from Ohio to a new McCormick & Schmick location in Naples, Florida.  Petralia was diagnosed with Crohn's disease in July 2010.  On or about August 21, 2011, McCormick & Schmick terminated plaintiff.  Beyond these bare-bones facts, the parties agree on relatively little.  See Joint Pretrial Statement (Doc. #67, pp. 2-6, 10-14).

Plaintiff originally filed his Complaint and Demand for Jury Trial (Doc. #2) in state court on December 10, 2012, and defendant removed the case to federal court on January 14, 2013.  Plaintiff alleges a failure to accommodate and disparate treatment under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12112, *et seq.*, in Counts I and II, and a failure to accommodate and disparate

treatment under the Florida Civil Rights Act (FCRA) in Counts III and IV. Plaintiff voluntarily dismissed the remaining counts with prejudice. (Doc. #75.)

Defendant's motion for summary judgment raises both procedural and substantive issues in regard to the remaining counts. After review, the Court concludes that there are not material undisputed facts which would support summary judgment on either type of issue. This is so even if defendant's motion to strike certain paragraphs of plaintiff's affidavit is granted. Accordingly, the motion for summary judgment is denied and the motion to strike is denied as moot.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendant's Motion to Strike Affidavit of Marc P. Petralia (Doc. #49) is **DENIED AS MOOT.**

2. Defendant's Motion for Case-Dispositive Summary Judgment (Doc. #36) is **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this   18th   day of February, 2014.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record

4